NOT DESIGNATED FOR PUBLICATION

No. 114,538

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN MANFORD,
*Appellee*,

v.

VANESSA YOUNG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; SHEILA HOCHHAUSER, judge. Opinion filed August 19, 2016. Reversed, vacated, and remanded with directions.

*Jeremiah L. Platt*, of Clark & Platt, Chtd., of Manhattan, for appellant.

No appearance by appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*: Vanessa Young challenges the protection from stalking order the Riley County District Court issued prohibiting her from approaching or interacting with Justin Manford, her former husband. The district court entered the order despite finding Young's conduct did not cause Manford to fear for his safety. The governing statute requires that the person seeking the order be "place[d] . . . in reasonable fear for [his or her] safety" to obtain relief. K.S.A. 60-31a02(a). The district court, therefore, erred in entering the order against Young. We reverse the district court, vacate the order, and remand for any further proceedings necessary to effectuate this decision.

1

Young and Manford married in May 2009 and divorced in June 2014. In late November 2014, Manford began receiving anonymous phone calls, text messages, and other communication he believed were from Young. Manford filed a petition in the district court in June 2015 seeking an order against Young under the Protection from Stalking Act, K.S.A. 60-31a01 *et seq.* During the hearing on the petition, Manford described myriad communications he attributed to Young. But he identified only a series of text messages from Young's telephone number and a letter dated April 13, 2015, as certainly coming from Young. Manford testified that he found the communications annoying and emotionally disturbing, and he explained they aggravated his preexisting "medical issues," of which Young had knowledge. Manford testified that he never feared for his safety as a result of the communications or Young's actions generally.

The district court determined that the communications Manford received more likely than not came from Young. And the district court found that Manford experienced substantial emotional distress because of the communications. The district court further found Manford did not fear for his safety. The district court, however, granted Manford's petition and entered a protection from stalking order against Young. The order remains in effect and would be subject to renewal for a year, as provided in K.S.A. 60-31a06(b). Young has appealed. Manford has not filed a brief or otherwise responded to the appeal in this court.

We apply a mixed standard of review and will uphold a district court's findings of fact if they are supported by substantial competent evidence. We then ask whether those facts warrant the district court's legal conclusions—determinations over which we exercise unlimited review. See *Gannon v. State*, 298 Kan. 1107, 1175-76, 319 P.3d 1196 (2014) (mixed standard generally); *Redondo v. Gomez*, No. 109,642, 2014 WL 802268, at *2 (Kan. App. 2014) (unpublished opinion) (review of order under Protection from Stalking Act).

2

To obtain an order under the Act, the petitioner must prove "stalking" by preponderance of the evidence. K.S.A. 60-31a05(a). In turn, "stalking" is defined as "an intentional harassment of another person that places the other person in reasonable fear for that person's safety." K.S.A. 60-31a02(a). Within that definition, "harassment" is also a statutorily defined term, K.S.A. 60-31a02(b), that includes "course of conduct," yet a third defined term, K.S.A. 60-31a02(c). For purposes of this appeal, we concentrate on stalking and assume the evidence supported a course of conduct amounting to harassment.

With that assumption, we look at whether the harassment Manford described proved that he had been placed in reasonable fear for his safety, thereby establishing "stalking" under the Act. For that purpose, reasonable fear entails subjective and objective components. That is, the petitioner must actually be fearful—the subjective aspect—and the circumstances must be such that a reasonable person would likewise be fearful—the objective component. And the fear must relate to the petitioner's safety. In this context, "safety" refers to insulation from physical injury or harm. See *Wentland v. Uhlarik*, 37 Kan. App. 2d 734, 741, 159 P.3d 1035 (2007). The *Wentland* court held that "fear" for "personal safety" necessary to establish stalking under the Act requires the petitioner be in "reasonable apprehension of bodily harm." 37 Kan. App. 2d at 741.

At the hearing, Manford testified clearly and unequivocally that he was not in fear of his safety. As annoying and emotionally upsetting as he found the communications, Manford did not believe he was in physical danger or faced any threat of bodily harm. The district court made a factual finding that Manford was not beset with such fear. Accordingly, the evidence failed to establish "stalking" as it has been defined in K.S.A. 60-31a02(a). The district court, therefore, lacked a sound legal foundation to grant the petition and to enter an order against Young.

We reverse the district court, vacate the order entered against Young, and remand for any further proceedings necessary to effectuate this decision.